UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATHANIEL HALL,

          Plaintiff,

     v.

SCOTT KERNAN, et al.,

          Defendants.

Case No. 26-cv-02258-JD

**ORDER RE DISMISSAL**

Re: Dkt. No. 4

Plaintiff, a state prisoner, filed a pro se habeas case, but he asks for money damages and that prison officials be criminally prosecuted. The Court construes the filing as a civil rights complaint under 42 U.S.C. § 1983.

### DISCUSSION

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court will identify any cognizable claims, and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings are liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) demands "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

United States District Court
Northern District of California

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that various prison officials are using artificial telepathy, beaming voices into his head, and other forms mind control as a form of mental torture. He seeks one hundred million dollars and the prosecution of the officials.

These allegations are patently inactionable and frivolous and fail to state a claim under 42 U.S.C. § 1983. Because no amount of amendment would cure the deficiencies in this complaint, leave to amend is denied.

**CONCLUSION**

The complaint is dismissed with prejudice and the motion to proceed in forma pauperis (Dkt. No. 4) is vacated. No fee is due. The Clerk is requested to close this case and change the nature of suit code to 555.

**IT IS SO ORDERED.**

Dated: July 9, 2026

_____
JAMES DONATO
United States District Judge

2